**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE,<br>*Plaintiff,*<br>v.<br>MOYER & SON, INC., *et al.*,<br>*Defendants.* | Case No. 2:26-cv-6337 |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

Plaintiff, who seeks to proceed anonymously as "John Doe" in the instant action, by and through his counsel, Justin Robinette, Esquire, hereby submits and files the instant Brief in Support of Plaintiff's Motion to Proceed Anonymously, and in support thereof, Plaintiff hereby states as follows:

## I. MATTER BEFORE THE COURT:

Plaintiff's Motion to Proceed Anonymously, and Brief in Support Thereof.

## II. QUESTION PRESENTED:

1. Whether Plaintiff should be permitted to proceed anonymously and redact the address of his residence from the Complaint because he has articulated a legitimate fear of severe harm that is reasonable under existing Third Circuit precedent?

   Suggested Answer: **YES.**

## III. STATEMENT OF FACTS:

Plaintiff, who seeks to proceed anonymously, as "John Doe," in the instant litigation, files the instant employment discrimination action against Defendants, Moyer & Son, Inc., Moyer & Son, Inc. d/b/a Moyer Pest Control, Moyer & Son Inc., Moyer & Son, and/or Moyer Pest Control (hereinafter "Defendants"). *See* Plaintiff's Complaint, Dkt. No. 1. Plaintiff was employed as a

certified Pest Control Technician with Defendants. *See* Pltf.'s Compl., Dkt. No. 1, at para. 17-18. Plaintiff identifies in the Complaint as "gay and gender fluid." *See id.* at para. 16. Plaintiff alleges that during his employment with Defendants he experienced harassment/a hostile work environment and discrimination from a supervisor and from other coworkers, including but not limited to being called the slur, "faggot" (hereinafter "f----t"), multiple times by a coworker, and on one occasion by a supervisor. *See id.* at para. 19(o)-(p), 19(r)-(s). In addition, in or about 2024, during a timeframe before December 17, 2024, to the best of Plaintiff's recollection, a coworker, "stated to Plaintiff on the phone, 'Faaaaa—-. I didn't say the word. I said you're a fabulous guy,' or words to that effect." *See id.* at para. 19(q). On another occasion, a coworker called Plaintiff a "f----t," and when Plaintiff objected, the coworker responded, "What? I just called you a bundle of sticks." *See id.* at para. 19(r). Plaintiff also alleges after he stated that he would accept being referred to by the pronouns "he," "she," or "they," the same supervisor questioned, "So you're an it?" *See id.* at para. 19(e). Another employee who was non-binary was also referred to as being an "it" in addition to Plaintiff. *See id.* at para. 19(b).

Plaintiff was the recipient of other derogatory, homophobic, or anti-gay language throughout his employment with Defendants based on his sexual orientation or gender identity including Plaintiff told by the same supervisor that he was "fucking disgusting," *see id.* at para. 19(d), that he was a "nasty bitch," *see id.*, employees discussed Plaintiff being "gay" (*e.g.,* "He's gay"; "No"; "No, for real, he's gay"), *see id.* at para. 19(f)-(g), and that Plaintiff was a "disappointment to [his] family because [he's] gay," *see id.* at para. 19(j). A sexual comment was made by the same supervisor about Plaintiff's then-husband, *see id.* at para. 19(i), and, on one occasion, a coworker slapped Plaintiff's rear-end hard, and grabbed it with a full hand, which is conduct of a sexual nature and assault. *See id.* at para. 19(c). On one occasion, when Plaintiff

brought up to the same supervisor that he wanted "to take a few days off for his mental health," the supervisor "responded that Plaintiff must be one of 'those types of people'", and responded further that, "Those types of people are a waste of air and should just kill themselves." *See id.* at para. 19(h). When Plaintiff, on another occasion, responded to a coworker calling him the slur multiple times during a telephone conversation by stating that he was "going to go to HR," the employee responded to Plaintiff, "Shut the fuck up." *See id.* at para. 19(s).

Plaintiff complained of a hostile work environment on December 17, 2024, and experienced retaliatory comments or statements that were then made to Plaintiff preceding his termination. *See id.* at 21, 24-26. The retaliatory conduct is alleged to have also included a Performance Improvement Plan ("PIP") Plaintiff was given on January 16, 2025, which Plaintiff alleges was retaliatory, and mentioned Plaintiff "meeting with HR," *see id.* at para. 29-32. Plaintiff alleges Defendants did not review his performance again in thirty days, or sixty days, as the PIP indicated should be done. *See id.* at para. 32-33. Plaintiff alleges further disparate disciplinary action, or corrective opportunities that he was not supplied. *See id.* at para. 29-34. Plaintiff alleges Defendants' discriminatory and retaliatory conduct resulted in Plaintiff's termination on March 12, 2025. *See id.* at para. 33. Plaintiff also points to similarly situated comparators who are outside of his protected class who were treated differently for the same or similar alleged conduct. *See id.* at para. 34. Plaintiff alleges he was replaced by an individual outside of his protected class. *See id.* at para. 49.

Pertinent to the instant Motion to Proceed Anonymously, after Plaintiff complained about harassment and discrimination internally with Defendants' HR department, among the other retaliation Plaintiff alleges he experienced, he alleges a supervisor who was a subject of Plaintiff's internal harassment complaint filed with the HR department, threatened Plaintiff with, "Keep my

fucking name out of your mouth." *See id.* at para. 21. The supervisor who was the subject of the complaint of harassment also allegedly commented to another employee that Plaintiff "threw [him] under the bus" and was "off his meds," or words to that effect. *See id.* at para. 25. Plaintiff was allegedly told by another supervisor that the employees involved in the offending conduct, among other things, "get away with a lot." *See id.* at para. 26.

Plaintiff contends his termination was in retaliation for his protected conduct/activity and based on his sexual orientation, sex, gender identity, gender expression, or on the basis of gender stereotypes. *See id.* at para. 38, 51. Plaintiff has brought claims for hostile work environment/harassment based on sexual orientation and/or sex, wrongful discharge/termination based on sexual orientation and/or sex, and retaliatory discharge/termination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").

For all of the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court permit Plaintiff to adopt the name, "John Doe," in lieu of Plaintiff's name in the litigation, and to permit him to redact the address of his residence from the Complaint, and any amendment thereto.

**IV. <u>LEGAL ARGUMENT:</u>**

It is recognized that a party may proceed under a pseudonym in a lawsuit when there is a legitimate fear of physical harm or of social stigma resulting from disclosure of the party's sexual orientation or gender identity in litigation. *See Doe v. Megless*, 654 F.3d 404, 408-09 (3d Cir. 2011); *see also Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

In *Doe v. Megless*, the Court of Appeals for the Third Circuit relied on the Eastern District of Pennsylvania's decision in *Doe v. Borough of Morrisville*, *supra*, for *Megless*'s holding that

cases involving a litigant's sexual orientation or gender identity were generally appropriate for pseudonyms. *Megless*, 654 F.3d at 408-09 (citing *Doe v. Borough of Morrisville*, 130 F.R.D. at 614)).

The Third Circuit in *Doe v. Megless* explained that a balancing test should be used when deciding whether "a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation." *Megless*, 654 F.3d at 408-09. Generally speaking, to proceed under a pseudonym, the "plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Megless*, 654 F.3d 404, 408 (citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010)); *see also Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 438 (S.D.N.Y. 1988).

The Third Circuit in *Megless* adopted a "non-exhaustive" list of factors from *Doe v. Provident Life and Accident Insurance Company*, 176 F.R.D. 464 (E.D. Pa. 1997), with respect to evaluating whether anonymity is warranted, including as follows, with respect to factors that favor anonymity:

(1) The extent the litigant's identity has been kept confidential;

(2) The basis on which disclosure is feared or avoided, and its substantiality;

(3) The magnitude of the public interest in maintaining the litigant's confidentiality;

(4) Whether, due to the purely legal issues, there is an atypically weak public interest in knowing the litigant's identity; and

(5) Whether the litigant has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Furthermore, the following are factors which tend to disfavor anonymity:

(1) Whether there is universal public interest in accessing the litigant's identity;

(2) Whether, due to the subject matter, the litigant's status as a public figure, or otherwise, weighs strongly toward knowing [the litigant's] identity, beyond the [general] public interest; and

(3) Whether opposing counsel, the public, or the press is illegitimately motivated.

*Megless*, 654 F.3d at 409 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. at 467).

**A. Plaintiff Has Articulated a Legitimate Fear of Severe Harm That Is Reasonable Under Existing Third Circuit Precedent As Plaintiff Faces a Foreseeable Risk of Retribution and of Potential Violence Based on His Sexual Orientation or Gender Identity For Bringing The Litigation.**

The Third Circuit explained in *Doe v. Megless* that the "bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases," weigh in favor of granting anonymity. *Megless*, 654 F.3d at 409.

Plaintiff points out that, in another case out of the United States District Court for the Eastern District of Pennsylvania, a case of employment discrimination on the basis of sexual orientation, a lesbian employee sought and was granted the ability to pursue the case anonymously on a similar basis. *See Doe v. Parx Casino*, Case No. 18-5289, 2019 WL 13268142, 2019 U.S. Dist. LEXIS 190677, *1-3, n.1, at Dkt. No. 4, n.1 (E.D. Pa. Jan. 2, 2019) (Slomsky, J.). The Honorable Joel H. Slomsky of the United States District Court for the Eastern District of Pennsylvania held in *Doe v. Parx Casino* that the plaintiff could pursue the case under the pseudonym, "Michelle 'Doe'", due to the plaintiff's fear of potential future violence or retribution, even though the plaintiff acknowledged in that case that she was openly gay. *Id*. Although the defendant-employer in *Doe v. Parx Casino* did not take a position on the motion, the defendant-employer did file a response pointing out to the court in the defendant's statement of facts that the plaintiff alleged she was "openly lesbian" in the complaint. *See* Response of Defendants, Parx Casino, Greenwood Gaming and Entertainment, Inc., and Greenwood Table Games Services, Inc.,

to Plaintiff's Motion to Proceed Anonymously, in *Doe v. Parx Casino*, Case No. 18-5289, Dkt. No. 3, p. 3.

Even though Judge Slomsky recognized that the plaintiff could not show that she kept her sexual orientation sufficiently confidential because she admitted to being openly gay in her underlying discrimination complaint, the court instead granted the plaintiff anonymity in *Doe v. Parx Casino* by relying on the fact that the plaintiff alleged that she "fears that if she were to proceed under her given name, she might face violence, intimidation, and retribution based on her sexual orientation." *Doe v. Parx Casino*, 2019 U.S. Dist. LEXIS 190677, at *1, n.1. The court in *Doe v. Parx Casino* also considered the *Megless* list of factors to be a "non-exhaustive list," and therefore "not comprehensive." *Id.* at *2, n.1. Confidentiality, or the degree to which a litigant has kept a certain matter confidential, is only one factor in the list of non-exhaustive *Megless* factors, and it is not the only factor nor the dispositive factor.

Judge Slomsky ruled in *Doe v. Parx Casino* that the plaintiff "has shown that she has a reasonable fear of harm if she were to litigate without a pseudonym" because she "alleges that she has faced pervasive harassment based on her sexual orientation and the fact that she has a masculine gender expression," "[s]he alleges discriminatory conduct by co-workers that range from insults and name-calling to aggression, intimidation, and threats of physical violence," and, "[a]s a result, she fears that [not] proceeding anonymously will result in further threats, violence, and retribution." *Id.* at *2, n.1.

Plaintiff further points to the ruling and the reasoning contained within *Doe v. Genesis Healthcare*, 535 F. Supp. 3d 335 (E.D. Pa. 2021), a reported decision of the United States District Court for the Eastern District of Pennsylvania, which permitted a transgender plaintiff-employee to pursue her employment discrimination case anonymously. *See Doe v. Genesis Healthcare*, 535

F. Supp. 3d 335, 340-41 (E.D. Pa. 2021). In addition, the United States District Court for the Eastern District of Pennsylvania granted anonymity in two unreported transgender employment discrimination cases, *Doe v. Triangle Doughnuts*, *LLC*, No. 19-5275, 2020 WL 3425150, 2020 U.S. Dist. LEXIS 109495, Dkt. No. 23 (E.D. Pa. June 23, 2020), and *Doe v. The Gardens for Memory Care at Easton*, Case No. 18-4027, Dkt. Nos. 3-4 (E.D. Pa. 2018).

Plaintiff further points out that the United States District Court for the Middle District of Pennsylvania, in *Doe v. University of Scranton*, Case No. 3:19-cv-01486, 2020 WL 1244368, 2020 U.S. Dist. LEXIS 44812, Dkt. No. 24 (M.D. Pa. Mar. 16, 2020), has previously permitted an adult male plaintiff who identified as gay to use the pseudonym, "John Doe," in litigation against his former university, without a showing of confidentiality, and relying on the *Megless* factor that there was a legitimate fear of severe harm that was reasonable to justify the anonymity request. *Doe v. Univ. of Scranton*, Case No. 3:19-cv-01486, 2020 WL 1244368, 2020 U.S. Dist. LEXIS 44812, at *6, Dkt. No. 24 (M.D. Pa. Mar. 16, 2020). In *Doe v. University of Scranton,* the United States District Court for the Middle District of Pennsylvania permitted anonymity for the plaintiff in that case, reasoning that, "In addition to the record containing no indication that the plaintiff's allegations are unfounded, the court is well-aware of the threat of violence that the LGBTQ community can face. As such, we find plaintiff's reasons compelling for allowing him to proceed anonymously." *Id.*

Plaintiff also notes that grants of anonymity have also been ordered in several transgender discrimination cases in the United States District Court for the Middle District of Pennsylvania, including in *Doe v. Pennsylvania Department of Corrections*, Case No. 19-1584, 2019 WL 5683437 (M.D. Pa. Nov. 1, 2019) (Brann, C.J.). In *Doe v. Pennsylvania Department of Corrections*, the Honorable Matthew W. Brann, Chief Judge of the United States District Court

for the Middle District of Pennsylvania, found for the transgender employee that the employee could pursue the employment discrimination case anonymously as, "John Doe." *Doe v. Pa. Dep't of Corrections*, No. 19-1584, 2019 WL 5683437 *1, *2 (M.D. Pa. Nov. 1, 2019) (Brann, C.J.). The court held that pseudonyms were generally appropriate in litigation surrounding "transgender issues," in particular noting that "as litigation around transgender issues has increased, so too have more courts permitted transgender plaintiffs to proceed pseudonymously." *Id.*

Furthermore, in *Doe v. Commonwealth of Pennsylvania*, Case No. 19-2193, Dkt No. 5 (M.D. Pa. Jan. 14, 2020), the Honorable Sylvia H. Rambo reasoned that anonymity was justified in that case because the plaintiff "fear[ed] that publicly disclosing his gender identity places him at risk of being subjected to social stigma and violent attacks," and that "keeping his name and address stricken from the pleadings would not impair the public's interest in following lawsuits or the opposing parties' interest in investigating the case." *Doe v. Commonwealth of Pennsylvania*, Case No. 19-2193, Dkt No. 5, at pp. 2-3 (M.D. Pa. Jan. 14, 2020). While Judge Rambo reasoned that "[t]he public may have an interest in following the state of the law governing transgender people," Judge Rambo nevertheless recognized in *Doe v. Commonwealth of Pennsylvania* that the public "has very little interest in finding out the identity of a specific transgender person." *Id.* at p. 3.

Plaintiff in the instant matter sets forth anecdotal evidence with particularity in support of his instant anonymity request by virtue of his Declaration attached hereto for this Honorable Court's review as Exhibit "B." Plaintiff's Declaration has been redacted of his name consistent with the anonymity request submitted on today's date. In Plaintiff's Declaration, he alleges as follows:

…

1. When I initially came out as gay to my family, my family disowned me. I acknowledge throughout the years we have come to be on better terms.

2. While I was employed with Moyer & Son, Inc., I was slapped on my rear-end hard, and grabbed there with a full hand, by another coworker, was subject to derogatory slurs, a sexual comment about my then-husband, and other demeaning language on account of my sexual orientation, gender identity, or gender expression, as identified in the Complaint that I filed with the Court.

3. Outside of my employment with Moyer & Son, Inc., I have been referred to by derogatory slurs on account of my sexual orientation. One of the individuals who referred to me with a slur also placed their hands on me at the time.

4. Based on my life to date, as well as the climate of violence directed toward members of the LGBTQ+ community, I fear that disclosure of my identity in this matter will cause me severe harm in the future.

5. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

6. I further declare under penalty of perjury in accordance with 18 Pa. C.S. § 4904 that the foregoing is true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

*See* Declaration of Plaintiff, John Doe, in support of the instant Motion to Proceed Anonymously, a true and correct copy of which is attached hereto as Exhibit "A," at para. 1-6, and redacted of Plaintiff, John Doe's, name consistent with the aforementioned anonymity request.

It should be emphasized that Plaintiff complains of mistreatment in the instant employment discrimination litigation from his supervisor and from coworkers that ranged from slurs and other derogatory comments based on his sexual orientation or gender identity, *see* Pltf.'s Compl., at para. 19(o)-(s), to one occasion where, Plaintiff alleges, a coworker "slapped Plaintiff's rear-end hard, and grabbed it with a full hand," "then laughed." *See* Pltf.'s Compl., at para. 19(c).

In addition to the anecdotal evidence, Plaintiff respectfully points to statistical evidence that supports his position and request for anonymity in the instant matter. Statistics from the last few years demonstrate that LGBTQ+ individuals face an increased risk of violence based on their

sexual orientation or their gender identity compared to the rest of the population. *See* University of California, Los Angeles ("U.C.L.A."), Williams Institute, "Anti-LGBT Victimization in the United States, Results from the National Crime Victimization Survey (2022-2023)," (Published Feb. 2025), [https://williamsinstitute.law.ucla.edu/publications/anti-lgbt-victimization-us/] (Last Accessed Aug. 26, 2026). *See also* Human Rights Campaign ("HRC"), "FBI's Annual Crime Report: Hate Crimes Against LGBTQ+ Community Remain Among Top 3 Most Reported Categories," (Published Aug. 5, 2025), [https://www.hrc.org/press-releases/fbis-annual-crime-report-hate-crimes-against-lgbtq-community-remain-among-top-3-most-reported-categories] (Last Accessed August 26, 2026); Gay and Lesbian Alliance Against Defamation ("GLAAD"), "GLAAD Alert Desk Documents More Than 1,000 Anti-LGBTQ Incidents Nationwide in 2025," (Published Jan. 27, 2026) [https://glaad.org/releases/glaad-alert-desk-documents-more-than-1000-anti-lgbtq-incidents-nationwide-in-2025/] (Last Accessed August 26, 2026).

In the instant case, Plaintiff's request for anonymity comports with the Third Circuit's *Megless* decision and with other courts' grants of anonymity to LGBTQ+ litigants in this jurisdiction as well as in the United States District Court for the Middle District of Pennsylvania and other courts. Plaintiff respectfully contends that granting the instant Motion to Proceed Anonymously, if necessary, conditionally, unless circumstances arise which otherwise warrant disclosure, is also appropriate at this time. Plaintiff's request for anonymity is appropriate at this time so that Plaintiff is not subjected to potential violence, retribution, or intimidation for bringing the instant litigation.

Plaintiff respectfully requests that this Honorable Court permit him to adopt the name, "John Doe," in the instant litigation. Plaintiff further requests that this Court permit Plaintiff to

redact the address of his residence from the Complaint, and any amendment thereto. Plaintiff respectfully requests that Plaintiff's instant Motion to Proceed Anonymously be granted.

**B. The Public Interest Weighs Against Defendants And in Favor of Granting Plaintiff's Request for Anonymity In The Instant Case.**

According to *Megless*, when deciding the issue of anonymity, the Court should also consider "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity … ." *Megless*, 654 F.3d at 409. Conversely, if "there is an atypically weak public interest in knowing the litigant's identit[y]," then this factor weighs in favor of granting the anonymity request. *Id.*

Generally speaking, as stated above, people who are LGBTQ+ are recognized as having a strong interest in keeping their sexual orientation or their gender identity confidential in civil litigation. *See Doe v. Pa. Dep't of Corr.*, *supra*, 2019 U.S. Dist. LEXIS 189748, at *6; *see also Doe v. Delie*, 257 F.3d 309, 315-16 (3d Cir. 2001); *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) ("The Constitution does indeed protect the right to maintain confidentiality of one's [transgender status]").

Consideration of the public interest in the instant case also weighs in favor of Plaintiff and against Defendants. In the instant case, as Plaintiff does not constitute a public figure, there is not a particularly strong interest in revealing Plaintiff's identity in the instant litigation. *See Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997). This consideration has been recognized by Chief Judge Beetlestone of the United States District Court for the Eastern District of Pennsylvania in *Doe v. The Gardens for Memory Care at Easton*, Case No. 18-4027, Dkt. Nos. 3, 4 (E.D. Pa. 2018). *Doe v. The Gardens for Memory Care at Easton* was an employment discrimination case brought by a transgender employee. *See Doe v. The Gardens for Memory Care at Easton*, Case No. 18-4027, Dkt. Nos. 3, 4 (E.D. Pa. 2018). Chief Judge

Beetlestone of the United States District Court for the Eastern District of Pennsylvania reasoned that the public interest weighed in favor of the transgender plaintiff in that case because she was an employee, specifically a "certified nursing assistant, not a public figure." *See Doe v. The Gardens for Memory Care at Easton*, Case No. 18-4027, Dkt. No. 3, at n. 1, pp. 1-2 (E.D. Pa. 2018). Similarly, the instant matter is a case of alleged discrimination brought by a certified pest control technician. *See* Pltfs.' Compl., Dkt. No. 1, at para. 17-18. Plaintiff does not constitute a public figure as a matter of law. The aforementioned factor therefore weighs in favor of granting Plaintiff's anonymity request like in *Doe v. The Gardens for Memory Care at Easton* and in *Doe v. Pennsylvania Department of Corrections*.

Further, the United States District Court for the Middle District of Pennsylvania has also recognized that, while there may be an interest in general in the development of the law surrounding "transgender issues" or "transgender litigation," *see Doe v. Pa. Dep't of Corr.*, *supra*, 2019 U.S. Dist. LEXIS 189748, at *5-6, there is very little public interest in knowing the specific identity of any particular transgender litigant. *See Doe v. Commonwealth of Pennsylvania*, *supra*, Case No. 19-2193, Dkt No. 5, at p. 3.

In the instant matter, Plaintiff respectfully contends that the public interest also includes the interest in protecting Plaintiff's and other future litigants' privacy interests surrounding an intimate matter like their sexual orientation or gender identity. If the instant Motion were denied, Plaintiffs and potential future litigants would be faced with the choice of proceeding with the instant lawsuit or otherwise having to drop the case to avoid revealing their identities. Plaintiff contends that justice would not be served in such an instance.

Plaintiff's anonymity request should be granted as the public interest weighs in favor of granting Plaintiff's request. Plaintiff respectfully requests that the instant Motion to Proceed Anonymously be granted.

**C. Plaintiff Seeks to Keep Only a Limited Amount of Information Confidential In The Instant Matter.**

Plaintiff only seeks to keep a limited amount of information confidential in the instant case. It is especially appropriate to permit anonymity where the court can otherwise "keep the proceedings open to the public while still maintaining the confidentiality of plaintiff's identity." *See Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997). This point was also recognized by Chief Judge Beetlestone of the United States District Court for the Eastern District of Pennsylvania in *Doe v. The Gardens for Memory Care at Easton*. *See Doe v. The Gardens for Memory Care at Easton*, Case No. 18-4027, Dkt. No. 3, n. 1, pp. 1-2 (E.D. Pa. 2018) ("[Plaintiff] makes a point, however, that she is not requesting that the matter be sealed, only that her name be kept out of the Complaint. More specifically, she is prepared to conduct discovery, depositions, and trial with her actual preferred name.").

This factor was also cited by Chief Judge Brann of the United States District Court for the Middle District of Pennsylvania in *Doe v. Pennsylvania Department of Corrections*. *See Doe v. Pa. Dep't of Corr.*, *supra*, 2019 U.S. Dist. LEXIS 189748, at *6 ("I further note that [the plaintiff] makes a limited request, moving only to have his name and address concealed. This means that, unlike a sealed proceeding, the public will have access to everything else in the proceedings as they would in a typical case.").

In the instant case, similar to *Doe v. The Gardens for Memory Care at Easton* and *Doe v. Pennsylvania Department of Corrections*, Plaintiff in the instant case is agreeable to conducting discovery, depositions, and trial with his name being used. Plaintiff is also not requesting that this case or that any document be sealed in the instant matter at this time. Plaintiff is respectfully moving this

Honorable Court for permission to proceed with the designation, "John Doe," and to redact the address of his residence from the pleadings. Plaintiff therefore only seeks to keep a limited amount of information confidential. The public can know about the facts and development of this case from the docket activity. Like *Doe v. The Gardens for Memory Care at Easton* and *Doe v. Pennsylvania Department of Corrections*, Plaintiff respectfully requests that he be permitted to keep his name and the address of his residence confidential in court filings. Plaintiff respectfully requests that the instant Motion to Proceed Anonymously be granted.

**VI. <u>CONCLUSION:</u>**

For all of the foregoing reasons, Plaintiff, John Doe, respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use the name, "John Doe," in the pleadings and other documents filed with the Court; and permit Plaintiff to redact the address of his residence from the Complaint, and any amendment thereto.

Respectfully submitted,

DATED: 08/26/2026 BY: Justin T. Robinette

Justin Robinette, Esquire
PA 319829
1650 Market Street, Ste. 3600
PMB # 2494
Philadelphia, PA 19103
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff,*
*John Doe*